**DIAMOND PRODUCTS INTERNATIONAL, INC., Appellant**

v.

**Arthur M. HANDSEL, Appellee.**

**No. 14–03–00998–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 20, 2004.

85. See TEX.R.APP. P. 47.1.

Alan Scott Alford, Houston, for appellant.

Mark Steven Siurek, Houston, for appellee.

Panel consists of Justices FROST, EDELMAN and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

In this permissive interlocutory appeal, we address whether this court may consider the appeal in the absence of a timely-filed application for permission to appeal as required by section 51.014(f) of the Texas Civil Practice and Remedies Code, and, if so, whether this appeal meets the standards for permissive appeals contemplated by the statute. We deny the application for interlocutory appeal and dismiss the appeal.

### DISCUSSION

Appellant, Diamond Products International, Inc. ("DPI") terminated the employment of appellee, Arthur M. Handsel. Appellee sued DPI for common law fraud and promissory estoppel, claiming DPI had promised to provide him a three-year written employment contract, which it had not done. DPI disputes appellee's claim and contends it never made the alleged employment promises. DPI filed a motion for summary judgment on the ground that appellee did not reasonably rely on a promise as required to sustain his claims. The trial court denied the motion and signed an order authorizing this interlocutory appeal. See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (Vernon Supp.2004).

Traditionally, interlocutory appeals have been limited to appeals of certain types of orders specifically set forth by statute. See id. § 51.014(a). In 2001, however, the Texas Legislature amended section 51.014 to allow permissive appeals. Section 51.014(d), which applies to cases filed on or after September 1, 2001, provides:

A district court may issue a written order for interlocutory appeal in a civil action not otherwise appealable under this section if:

(1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion;

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and

(3) the parties agree to the order.

Id. § 51.014(d). "If application is made to the court of appeals that has appellate jurisdiction over the action not later than the 10th day after the date an interlocutory order under Subsection (d) is entered, the appellate court may permit an appeal to be taken from that order." Id. § 51.014(f).

On July 2, 2003, the trial court denied appellant's motion for summary judgment and signed an order authorizing an interlocutory appeal of its order. Appellant did not file an application for permission to appeal in this court. Instead, within ten days after the trial court's order was signed, on July 11, 2003, appellant filed a notice of appeal.

 In ordinary civil appeals, the appellate court's jurisdiction is invoked when an appellant timely files "an instrument in a bona fide attempt to invoke the appellate court's jurisdiction." Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex.1997) (citing Grand Prairie I.S.D. v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991)). It is clear that a notice of appeal is a bona fide attempt to invoke this court's jurisdiction. See Stolte v. County of Guadalupe, No. 04-04-00083-CV, 2004 WL 1159388, at *2 (Tex.App.-San Antonio May 26, 2004, no pet. h.). Therefore, when an appellant has filed a timely notice of appeal, the failure to file an application for permission to appeal pursuant to section 51.014(f) does not deprive this court of jurisdiction over the appeal.

■ An appellant should be given an opportunity to correct a defect in the perfecting instrument before an appeal is dismissed. *Verburgt*, 959 S.W.2d at 616. However, in this case, the parties have fully briefed the issues in the appeal. Accordingly, we find it unnecessary under these circumstances to require appellant to file an application for permission to appeal. Instead, we review the issues presented in the briefs to determine if the standards contemplated under section 51.014(f) have been satisfied.

■ Section 51.014(f) does not specify the contents of an application for permission to appeal, and the supreme court has not yet enacted rules of procedure to implement the statute. However, to persuade the court of appeals to grant permission to appeal, appellant should include facts and argument addressing the requirements of section 51.014(d): that the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and that "an immediate appeal ... may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d) *cf.* FED. R.APP. P. 5(b)(1) (providing petition for permission to appeal must include "the facts necessary to understand the question presented" and "the reasons why the appeal should be allowed and is authorized"); *see Richardson v. Kays*, No. 02–03–241–CV, 2003 WL 22457054, at *2 (Tex.App.-Fort Worth Oct.30, 2003, no pet.) (mem. op.) (denying application to appeal that did "not mention, discuss, or analyze why the issue ... involves a controlling question of law as to which there is a substantial ground for difference of opinion").

■ The parties did not present facts or argument explaining why we should grant permission to appeal; however, the reasoning of the parties is apparent from the briefing. In effect, the parties desire to obtain an advance ruling on the summary judgment ground alleged in the motion before proceeding to trial. The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute. Instead, permissive appeals should be reserved for determination of controlling legal issues necessary to the resolution of the case. While the issue in the summary judgment is central to appellee's claim, its resolution does not rest on a controlling *legal issue* or materially advance the termination of the litigation. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d).

Accordingly, we deny permission to appeal the interlocutory order and dismiss the appeal.

FROST, J., concurring.

EDELMAN, J., concurs in result only.

KEM THOMPSON FROST, Justice, concurring.

It is correct to construe the instrument filed by appellant Diamond Products International, Inc. ("DPI") as an application for permission to appeal and to deny that application. I write separately to point out procedural uncertainties that presently exist due to the failure of our current rules to provide a procedure for permissive interlocutory appeals. In concurring in the court's judgment, I also note that we need not make any broad pronouncements about what constitutes a "controlling question of law" to deny this application.

Within ten days after the trial court signed the order from which DPI seeks to appeal, DPI filed an instrument entitled "Notice of Appeal" in this court. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(d)–(f) (Vernon Supp.2004). Although denominated a notice of appeal, the instrument states

that this appeal is under the permissive interlocutory appeal statute and that DPI desires to appeal. It is reasonable to construe this instrument as including an application for permission to appeal under section 51.014(f) of the Texas Civil Practice and Remedies Code. *See id.,* § 51.014(f).

DPI asks this court to review the trial court's denial in part of DPI's traditional motion for summary judgment. This motion asserted that all of appellee Arthur Handsel's claims against DPI are barred based on the statute of frauds and Handsel's alleged employment-at-will status. DPI's motion for summary judgment was based in part on excerpts from Handsel's deposition. Although the motion states that these deposition excerpts are attached as an exhibit, our record contains no such exhibit and the clerk of the trial court recently certified that DPI's motion does not include the referenced exhibit. Whether the trial court correctly denied part of a traditional motion for summary judgment that was filed without any summary-judgment evidence attached to it does not involve "a controlling question of law as to which there is a substantial ground for difference of opinion." *Id.,* § 51.014(d). Therefore, this court is correct to deny the application and dismiss the appeal.

In denying DPI's application, this court does not and need not take a position as to whether a notice of appeal must be filed at some point in the process of pursuing an appeal under the permissive interlocutory appeal statute. *See id.,* § 51.014(d)–(f). The question, however, is one of several provoking discussion due to uncertainties in the current statutory framework for these types of appeals. If the trial court signs an agreed order under section 51.014(d), the statute requires that an "application [be] made to the court of appeals that has appellate jurisdiction over the action not later than the 10th day after the date an interlocutory order under Subsection (d) is entered...." *Id.,* § 51.014(f). The statute does not specify who should file the application; however, if such an application is filed, "the appellate court may permit an appeal to be taken...." *Id.* The statute also does not specify how such an appeal should "be taken."

Unfortunately, the rules of appellate procedure have not yet made allowances for this type of appeal. Under the current rules, an appeal is perfected when a written notice of appeal is filed. TEX.R.APP. P. 25.1(a). Appeals from interlocutory orders, when allowed, are accelerated appeals. TEX.R.APP. P. 28.1. In accelerated appeals, the notice of appeal must be filed within twenty days after the signing of the order or judgment being appealed. TEX. R.APP. P. 26.1(b). In the absence of a statute or rule that specifies whether a notice of appeal should be filed in these appeals, there are at least two possibilities: (1) following a procedure similar to that described in Federal Rule of Appellate Procedure 5, under which a notice of appeal does not need to be filed because a notice of appeal is deemed to have been filed when the appellate court grants permission to appeal, *see* FED. R.APP. P. 5(d)(2) [1]; or (2) requiring the appellant to file a notice of appeal in the normal manner under Texas Rules of Appellate Procedure 25–28, *see* TEX.R.APP. P. 25–28.

Some courts might invoke the first procedure in reliance on the appellate court's

---

1. This provision states:
 A notice of appeal need not be filed. The date when the order granting permission to appeal is entered serves as the date of the notice of appeal for calculating time under these rules.
 FED. R.APP. P. 5(d)(2).

authority to allow an appeal under the statute. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(f) ("the appellate court may permit an appeal to be taken ...."). If the statute does not dispense with the requirement that a notice of appeal be filed in order for an appeal to be taken, then an appellate court might decide to adopt the first procedure by using its power to suspend the operation of the rules, as provided in Texas Rule of Appellate Procedure 2. *See* TEX.R.APP. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule ... to alter the time for perfecting an appeal in a civil case").

On the other hand, if an appellate court concluded that the statute and the rules do not allow parties to take a permissive interlocutory appeal without filing a written notice of appeal, then the second procedure might be deemed to apply. In that event, a notice of appeal would need to be filed no later than twenty days after the signing of the order from which appeal is being taken, in which case it would be prudent for an appealing party to file both an application for permission to appeal and a notice of appeal at the same time. *See* TEX.R.APP. P. 26.1(b).

The administration of justice for permissive interlocutory appeals would be well served if this uncertainty in current appellate practice and procedure were eliminated. One way to do so would be to amend the Texas Rules of Appellate Procedure to include a procedure for permissive interlocutory appeals. However, until such a procedure is adopted or until these issues are resolved by caselaw, it would seem sensible and prudent for appealing parties to file an application for permission to appeal and a notice of appeal at the same

time, and perhaps in the same instrument. *See* Warren W. Harris & Lynne Liberato, *State Court Jurisdiction Expanded to Allow for Permissive Appeals,* 65 Tex. B.J. 31, 32 (2002) (stating that "[i]n state court, until a rule or the courts determine that a notice of appeal is unnecessary, it is advisable to file a notice of appeal within the 10–day period for bringing the permissive appeal"). We need not and do not address these issues in the case before us today, and parties should not read today's decision as indicating that there is no place for filing a notice of appeal in permissive interlocutory appeals under section 51.014(d)–(f) of the Texas Civil Practice and Remedies Code. That issue is for another day.

Furthermore, though it may be a rare occurrence, it is possible that, in some cases, a controlling question of law as to which there is substantial ground for difference of opinion might arise in the context of determining whether a fact issue exists in a summary-judgment context. We need not address this broader issue to deny permission to appeal in this case. A review of the trial court record and the appellate briefs shows that the statutory criteria are not satisfied because of the absence of evidence to support the motion for summary judgment and because of factual issues related to DPI's asserted grounds for summary judgment.