COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 TEXAS FARMERS INSURANCE COMPANY,
  
                             Appellant,
  
 v.
  
 SUSAN SOLIS MINJAREZ,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-12-00272-CV
  
 Appeal from the
  
 County
 Court at Law No. 5
  
 of El
 Paso County, Texas 
  
 (TC# 2011-DCV06049)
 
  
 
 


 

MEMORANDUM
 OPINION

Texas Farmers
Insurance Company filed a petition
for permissive appeal from the trial court’s interlocutory order requiring
Texas Farmers to proceed to appraisal to determine the amount of loss from its
insured’s claim.  See Tex.Civ.Prac.&Rem.Code
Ann. § 51.014(d)(West Supp. 2012)(trial court may permit appeal from an
interlocutory order that would not otherwise be appealable under certain
prescribed circumstances); see also Tex.R.App.P. 28.3(a)(requiring party
seeking to pursue permissive appeal of interlocutory order to petition court of
appeals for permission to appeal).  Because
Texas Farmers has failed to establish that it is entitled to a permissive
appeal, we deny the petition.

            To
be entitled to a permissive appeal, a party must establish that:  (1) the order to be appealed involves a
controlling question of law as to which there is a substantial ground for
difference of opinion; and (2) an immediate appeal from the order may
materially advance the ultimate termination of the litigation.  Tex.Civ.Prac.&Rem.Code
Ann. § 51.014(d); Tex.R.App.P.
28.3(e)(4).  We strictly construe
statutes authorizing interlocutory appeals. 
Bally Total Fitness Corp. v.
Jackson, 53 S.W.3d 352, 355 (Tex. 2001).

The proper scope
of a permissive appeal is the determination of controlling legal issues, about
which there are legitimate disagreements, necessary to the resolution of the
case.  See Diamond Prods. Int’l v. Handsel, 142 S.W.3d 491, 494 (Tex.App.--Houston
[14th Dist.] 2004, no pet.)(construing predecessor statute); see also House Comm. on Civil Practices,
Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001) (explaining that the
addition of the predecessor statute would promote judicial efficiency by
“allowing the trial court to certify a question for appeal” when “the trial
court rules on an issue that is pivotal in a case but about which there is
legitimate disagreement”).

In this case, the controlling legal issue is whether an insurer
is required to proceed to appraisal to determine the amount of loss if it has
not been established that the loss at issue is a covered loss.  The insured sustained hail damage to the roof
of her home.  When she discovered
additional damage to the patio and interior, the insured filed a claim with
Texas Farmers, which denied the claim on the basis that the additional damage
was not caused by the hail storm.  Dissatisfied
with Texas Farmers’s findings, the insured requested an appraisal pursuant to
her homeowner’s policy.  Texas Farmers
refused and the insured sought a declaratory judgment that Texas Farmers was
required to proceed to appraisal to determine the amount of loss.  Texas Farmers contends that it is not required
to proceed to appraisal to determine the amount of loss claimed by its insured because
its liability for the loss has not been established.  However, when, as here, the dispute between
an insurer and its insured involves both damage and liability questions, an
appraisal should not be prohibited as an initial matter, notwithstanding that
liability for the damage claimed by the insured remains unresolved.  See
State Farm Lloyds v. Johnson, 290 S.W.3d 886, 887, 891-95 (Tex. 2009)(holding
that in a dispute about hail damage to a homeowner’s roof, the insurer could
not avoid appraisal by arguing that appraisal is not warranted whenever
causation factors into the award because, when different types of damage occur
to different items of property, appraisers may have to decide the damage caused
by each before the courts can decide liability).  It was thus unnecessary for the insured in
this case to establish that her loss was a covered loss before Texas Farmers
was required to proceed to appraisal. 
Accordingly, Texas Farmers has failed to establish that there is a
substantial difference of opinion regarding the controlling question of law in
this case.  We therefore deny Texas
Farmers’s petition for permissive appeal.

 

 

October 31, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J.,
Rivera, and Antcliff, JJ.