COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| TEXAS FARMERS INSURANCE COMPANY, | § | No. 08-12-00272-CV |
| | § | Appeal from the |
| Appellant, | § | County Court at Law No. 5 |
| v. | § | of El Paso County, Texas |
| SUSAN SOLIS MINJAREZ, | § | (TC# 2011-DCV06049) |
| Appellee. | § | |

## <u>MEMORANDUM OPINION</u>

Texas Farmers Insurance Company filed a petition for permissive appeal from the trial court's interlocutory order requiring Texas Farmers to proceed to appraisal to determine the amount of loss from its insured's claim. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(d)(West Supp. 2012)(trial court may permit appeal from an interlocutory order that would not otherwise be appealable under certain prescribed circumstances); *see also* TEX.R.APP.P. 28.3(a)(requiring party seeking to pursue permissive appeal of interlocutory order to petition court of appeals for permission to appeal). Because Texas Farmers has failed to establish that it is entitled to a permissive appeal, we deny the petition.

To be entitled to a permissive appeal, a party must establish that: (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(d);

1

TEX.R.APP.P. 28.3(e)(4). We strictly construe statutes authorizing interlocutory appeals. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001).

The proper scope of a permissive appeal is the determination of controlling legal issues, about which there are legitimate disagreements, necessary to the resolution of the case. *See Diamond Prods. Int'l v. Handsel*, 142 S.W.3d 491, 494 (Tex.App.--Houston [14th Dist.] 2004, no pet.)(construing predecessor statute); *see also* House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001) (explaining that the addition of the predecessor statute would promote judicial efficiency by "allowing the trial court to certify a question for appeal" when "the trial court rules on an issue that is pivotal in a case but about which there is legitimate disagreement").

In this case, the controlling legal issue is whether an insurer is required to proceed to appraisal to determine the amount of loss if it has not been established that the loss at issue is a covered loss. The insured sustained hail damage to the roof of her home. When she discovered additional damage to the patio and interior, the insured filed a claim with Texas Farmers, which denied the claim on the basis that the additional damage was not caused by the hail storm. Dissatisfied with Texas Farmers's findings, the insured requested an appraisal pursuant to her homeowner's policy. Texas Farmers refused and the insured sought a declaratory judgment that Texas Farmers was required to proceed to appraisal to determine the amount of loss. Texas Farmers contends that it is not required to proceed to appraisal to determine the amount of loss claimed by its insured because its liability for the loss has not been established. However, when, as here, the dispute between an insurer and its insured involves both damage and liability questions, an appraisal should not be prohibited as an initial matter, notwithstanding that liability

2

for the damage claimed by the insured remains unresolved. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 887, 891-95 (Tex. 2009)(holding that in a dispute about hail damage to a homeowner's roof, the insurer could not avoid appraisal by arguing that appraisal is not warranted whenever causation factors into the award because, when different types of damage occur to different items of property, appraisers may have to decide the damage caused by each before the courts can decide liability). It was thus unnecessary for the insured in this case to establish that her loss was a covered loss before Texas Farmers was required to proceed to appraisal. Accordingly, Texas Farmers has failed to establish that there is a substantial difference of opinion regarding the controlling question of law in this case. We therefore deny Texas Farmers's petition for permissive appeal.


October 31, 2012

                                    CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

3