

# NUMBER 13-13-00100-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **KING-A CORPORATION D/B/A MCDONALD'S, ROBSTOWN,** | **Appellant,** |
| **v.** | |
| **PAULINE WEHLING,** | **Appellee.** |

### On Appeal from the 28th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, King-A Corporation d/b/a McDonald's, Robstown, has filed a petition seeking permission to appeal an interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2012); TEX. R. CIV. P. 168; TEX. R. APP. P. 28.3(a). We deny permission to appeal.

## I. BACKGROUND

According to the petition for permissive appeal and attached documents, appellee Pauline Wehling brought suit against appellant for premises liability claims and personal injury damages when she slipped and fell on an unidentified substance on the floor at the McDonalds restaurant in Robstown, Texas. Appellant filed a traditional motion for summary judgment against Wehling contending that her claims were barred by the statute of limitations because she failed to use diligence in serving appellant with process. Appellant contended that although Wehling filed suit against appellant within the statute of limitations, she did not serve appellant with the suit until after the expiration of limitations. The trial court denied appellant's motion for summary judgment on December 7, 2012. After appellant requested that the trial court allow it to file a petition for permissive appeal, the trial court granted permission to appeal by an "Amended Order and Permission to Appeal" signed on February 5, 2013. The amended order states in relevant part:

> IT IS FURTHER ORDERED, ADJUDGED[,] AND DECREED that Defendant . . . be permitted to appeal this Order pursuant to Rule 168 of the Texas Rules of Civil Procedure as this Order involves a controlling question of law as to which there is a substantial ground for difference of opinion, to wit: Is Defendant entitled to summary judgment on [its] affirmative limitations defense because Plaintiff failed to use due diligence in attempting to serve Defendant outside the statute of limitations? An immediate appeal from the order denying Defendant's motion would materially advance the ultimate termination of the litigation as Plaintiff would be barred from bringing her claims against Defendant should Defendant's motion be granted.

Appellant timely filed its petition for permissive appeal in this Court on February 15, 2013. *See* TEX. R. APP. P. 28.3(c). By a sole issue with several sub-issues, appellant contends

that this Court should grant permission to file an interlocutory appeal of the denial of its motion for summary judgment based on limitations. Appellant contends that whether the statute of limitations bars Wehling's claims is a controlling issue of law because it potentially disposes of the entire case without regard to the merits. Appellant also asserts that a "substantial body of Texas case law establishes that unexplained delays in serving process on a defendant of shorter duration than the delays in this case constitute lack of diligence as a matter of law." According to appellant, "the trial court is of a different opinion," therefore "there is a substantial ground for a difference of opinion as to whether the unexplained delays in this case bar Respondent's claims." Finally, appellant contends that an immediate appeal may materially advance the termination of this litigation because a reversal of the trial court would result in the dismissal of this case in its entirety.

Wehling filed a response to the petition for permissive appeal on February 27, 2013. The response was untimely, but has been considered by the Court in its discretion. *See id.* R. 28.3(f). In her response, appellee asserts that the trial court correctly denied the motion for summary judgment because, based on the summary judgment evidence presented in this case, the matter of diligence in service is a "question of fact."

## II. STANDARD OF REVIEW

Permissive interlocutory appeals are provided by statute in the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Statutes providing for interlocutory appeals are to be construed strictly as exceptions to the

3

general rule that only final judgments are appealable. *City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (per curiam); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001).

The procedure for filing a permissive appeal is delineated by section 51.014(d),(e), and (f), Texas Rule of Civil Procedure 168, and Texas Rule of Appellate Procedure 28.3. Texas Rule of Civil Procedure 168 provides:

> On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed. An order previously issued may be amended to include such permission. The permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation.

TEX. R. CIV. P. 168. Texas Rule of Appellate Procedure 28.3 contains additional information regarding the procedures for filing and determining a petition for permissive appeal. *See generally* TEX. R. APP. P. 28.3. To be entitled to a permissive appeal, a party must establish that: (1) the order subject to appeal involves "a controlling question of law as to which there is a substantial ground for difference of opinion;" and (2) an immediate appeal "may materially advance the ultimate termination of the litigation." *Id.* The petition for permissive appeal must contain a clear and concise argument regarding why the order to be appealed meets these requirements. *See id.*

### III. ANALYSIS

As stated previously, appellant contends that this case presents a "controlling question of law," that is, whether or not Wehling exercised diligence as a matter of law in

serving appellant with suit, as to which there is a "substantial ground for difference of opinion" given that the trial court disagreed with appellant regarding Wehling's diligence. In examining the first of these propositions, we look to the substantive law regarding diligence in service outside of limitations.

If a party files its petition within the limitations period, service outside the limitations period may still be valid if the plaintiff exercises diligence in procuring service on the defendant. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam). When a defendant has affirmatively pleaded the defense of limitations, and shown that service was not timely, the burden shifts to the plaintiff to prove diligence. *Ashley,* 293 S.W.3d at 179; *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam). Diligence is determined by asking "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216. Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service. *Id.* Although a fact question, a plaintiff's explanation may demonstrate a lack of diligence as a matter of law, "when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.* Thus, once a defendant has affirmatively pleaded limitations and shown that service was untimely, the plaintiff has the burden to "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.*

The proper scope of a permissive appeal is the determination of controlling legal issues, about which there are legitimate disagreements, necessary to the resolution of the case. *See Diamond Prods. Int'l v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (construing predecessor statute); *see also Tex. Farmers Ins. Co. v. Minjarez*, No. 08-12-00272-CV, 2012 Tex. App. LEXIS 9043, at **1–2 (Tex. App.—El Paso Oct. 31, 2012, no pet.); House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001) (explaining that the addition of the predecessor statute would promote judicial efficiency by "allowing the trial court to certify a question for appeal" when "the trial court rules on an issue that is pivotal in a case but about which there is legitimate disagreement").

The scope of a permissive appeal does not include an appeal of a summary judgment when the facts are disputed. *See Diamond Prods. Int'l,* 142 S.W.3d at 495–96. The Fourteenth Court has noted that "though it may be a rare occurrence, it is possible that, in some cases, a controlling question of law as to which there is substantial ground for difference of opinion might arise in the context of determining whether a fact issue exists in a summary-judgment context." *Id.* In denying permission to appeal in that case, however, the court concluded that the statutory criteria were not satisfied because of the absence of evidence supporting the motion for summary judgment and because of factual issues related to the asserted grounds for summary judgment. *Id.*

The question presented in this case is whether Wehling exercised due diligence in securing service of process on appellant. While diligence may be determined as a matter of law, it is generally a question of fact. *Proulx*, 235 S.W.3d at 216. Based on

6

our review of the petition and response, we conclude that appellant has failed to show that this case presents a controlling question of law. Moreover, to the extent that appellant asserts that there is a substantial ground for difference of opinion as to the issue of law presented, we disapprove of the notion that this standard is met by default whenever a trial court rules against a petitioner for permissive review.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for permissive appeal and the response thereto, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, we DENY the petition for permissive appeal, and we DISMISS THE APPEAL FOR WANT OF JURISDICTION.

PER CURIAM

Delivered and filed the
14th day of March, 2013.

7