**DOCTORS HOSPITAL AT RENAISSANCE, LTD. and RGV Med, LLC, Petitioners,**

v.

**Jesus Jaime ANDRADE and Jessica Andrade, Respondents**

No. 15–0563

Supreme Court of Texas.

Argued March 10, 2016

OPINION DELIVERED: May 27, 2016

Dale Wainright, Kevin Dow Collins, Bracewell & Giuliani LLP, Austin TX, Gerald Edward Castillo, Steven M. Gonzalez, Gonzalez Castillo LLP, McAllen TX, Richard A. Sheehy, Sheehy, Ware & Pappas, P.C., Houston TX, for Petitioners.

Daniel Miquel Luis Hernandez, Hernandez Law Firm PC, Edinburg TX, Daniel R. Hernandez, Hernandez Law Firm, Bryan TX, Timothy Lyle Culberson, The Culberson Law Firm, The Woodlands TX, for Respondents.

D. Michael Wallach, Wallach & Andrews, P.C., Fort Worth TX, Dale Wainwright, Bracewell LLP, Austin TX, Kennon L. Wooten, Scott Douglass & McConnico LLP, Austin TX, for Amicus Curiae parties.

JUSTICE LEHRMANN delivered the opinion of the Court.

Under Texas partnership law, a partnership can be held liable for injury caused by a partner if the partner was acting in the ordinary course of the partnership's business or with the partnership's authority. The issue in this case is whether a limited partnership that owns a hospital may be vicariously liable for the alleged professional negligence of a doctor who is a limited partner in the partnership. If so, we must then determine whether the general partner of that limited partnership may be liable as well. We conclude that the ordinary course of the partnership's business does not include a doctor's medical treatment of a patient and that the doctor was not acting with the authority of the partnership in treating the patient. Accordingly, the partnership cannot be liable for the doctor's medical negligence. As such, we reverse and render judgment for the petitioners.

## I. Background

Dr. Rodolfo Lozano treated Jessica Andrade during her pregnancy and delivered her daughter at Women's Hospital at Renaissance (Hospital) in Edinburg, Texas. The delivery was complicated by the baby's shoulder dystocia, and Dr. Lozano allegedly engaged in excessive twisting during the delivery to dislodge the shoulder. Jessica and Jesus Andrade sued Dr. Lozano, alleging that his negligence in delivering their daughter caused her permanent injury, including nerve damage and permanent paralysis of one arm. The Andrades later added Doctors Hospital at Renaissance, Ltd. (Renaissance) and RGV Med, LLC as defendants, arguing that they were vicariously liable for Dr. Lozano's negligence. Renaissance was a limited partnership that owned and operated the Hospital, and RGV Med was Renaissance's general partner. Dr. Lozano, an independent contractor with admitting privileges at the Hospital, was a limited partner in Renaissance. The Andrades also sued Hugo Zapata, M.D., P.A. (Zapata), a professional association of which Dr. Lozano was a member. The Andrades subsequently settled with Dr. Lozano and nonsuited their claims against Zapata.

Renaissance and RGV Med moved for summary judgment, arguing that they were not liable for Dr. Lozano's conduct under the applicable partnership statute because he was not acting within the scope

of the partnership or with partnership authority when providing obstetrical care to Andrade. *See* TEX. BUS. ORGS. CODE § 152.303 (defining scope of partnership liability). The trial court denied the motion, but permitted an interlocutory appeal. TEX. CIV. PRAC. & REM. CODE § 51.014(d) ("On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if: (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation."). The court of appeals affirmed, holding that a fact issue existed as to whether Dr. Lozano was acting within the scope of the partnership or with the partnership's authority when delivering the Andrade baby. —— S.W.3d ——, 2015 WL 3799425, at *6 (Tex.App.–Corpus Christi–Edinburg June 18, 2015). We granted Renaissance and RGV Med's petition for review.[1]

## II. Applicable Law

Texas Business Organizations Code chapter 153 governs limited partnerships. Chapter 153 provides that, to the extent chapter 153 is silent, chapter 152's provisions governing general partnerships also apply to limited partnerships. TEX. BUS. ORGS. CODE § 153.003(a). Chapter 152 limits the liability of a general partnership for the conduct of a partner:

(a) A partnership is liable for loss or injury to a person, including a partner, or for a penalty caused by or incurred as a result of a wrongful act or omission or other actionable conduct of a partner acting:

(1) in the ordinary course of business of the partnership; or

(2) with the authority of the partnership.

*Id.* § 152.303(a). Chapter 153 specifically limits the liability of a limited partner, but does not otherwise address a limited partnership's liability to third parties for the actions of a limited partner. *See id.* § 153.102. The parties agree that section 152.303 therefore governs Renaissance's liability as a limited partnership.

## III. Analysis

### A. The Parties' Contentions

Renaissance and RGV Med argue that Renaissance is in the business of providing and operating medical facilities, not practicing medicine. Therefore, in providing medical treatment at the Hospital, Dr. Lozano was not acting on behalf of the partnership or carrying out ordinary partnership business. Renaissance and RGV Med further argue that the Renaissance partnership agreement forbids limited partners from acting on the partnership's behalf. As such, Dr. Lozano could not have been acting with Renaissance's authority when he delivered the Andrade baby. The Andrades counter that the partnership agreement is very broad and encompasses Dr. Lozano's provision of obstetrical services as an agent of Renaissance, even if the partnership does not practice medicine. The Andrades urge that they have raised a fact issue as to whether Dr. Lozano was acting in the ordinary course of partnership business, or with the partnership's authority, and that the trial court properly denied summary judgment.

### B. Vicarious Liability of a Limited Partnership

The applicable partnership statute renders Renaissance liable for the conduct of

1. We have jurisdiction over interlocutory appeals pursued under Civil Practice and Reme- dies Code section 51.014(d).TEX. GOV 'T CODE § 22.225(d).

a limited partner only if he was acting in the ordinary course of the partnership's business or with partnership authority. *Id.* § 152.303. Dr. Lozano was doing neither when providing medical care to Jessica Andrade and her daughter, so Renaissance cannot be liable for his conduct.

### 1. Ordinary Course of the Partnership's Business

■ The record conclusively demonstrates that the ordinary course of Renaissance's business does not include the provision of medical care. Other statutes, including the Texas Medical Liability Act and the Texas Occupations Code, provide helpful guidance on this issue. *See Randol Mill Pharmacy v. Miller*, 465 S.W.3d 612, 617 (Tex.2015) (analyzing relevant provisions of the Occupations Code in construing the Medical Liability Act). A hospital like Women's Hospital at Renaissance is a health care institution that is licensed to provide health care, *see* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(11), (12), but only a licensed doctor can provide medical care, *see id.* § 74.001(a)(19) (" 'Medical care' means any act defined as practicing medicine under Section 151.002, Occupations Code, performed or furnished, or which should have been performed, by one licensed to practice medicine in this state for, to, or on behalf of a patient during the patient's care, treatment, or confinement."). Only a person, not a partnership, may be licensed to practice medicine. TEX. OCC. CODE § 155.002. Corporate entities that exert control over a doctor's practice of medicine may be engaged in the unlawful practice of medicine without a license. *See St. Joseph Hosp. v. Wolff,* 94 S.W.3d 513, 539 (Tex.2003) (observing that the illegality of the corporate practice of medicine does not mean it is factually impossible); *Gupta v. E. Idaho Tumor Inst., Inc.,* 140 S.W.3d 747, 755–56 (Tex.App.–Houston [14th Dist.] 2004, pet. denied) (holding that a company in a joint venture agreement with an oncologist did not exert enough control over the doctor's practice of medicine to be unlawfully practicing medicine).

Here, the partnership agreement states that the purposes of the limited partnership are:

> (i) to develop, construct and operate such Health Care Facilities as the General Partner may deem appropriate from time to time; (ii) prior to the Spin–Off, to own an interest in DHR Real Estate [Partners, Ltd.] and DHR [Real Estate Management, L.L.C.]; (iii) to own, develop, operate and engage in such other business activities as the General Partner may deem appropriate from time to time; and (iv) to enter into, make and perform all such agreements and undertakings, and to engage in all such activities and transactions, as the General Partner may deem necessary or appropriate for or incidental to the carrying out of the foregoing objects and purposes.

The Andrades argue that the broad nature of the partnership's purposes raises a fact question as to whether Dr. Lozano's provision of medical care falls under them, even if the result is Renaissance's being improperly engaged in the practice of medicine. However, the Renaissance limited partnership agreement expressly states that it is to be construed in accordance with Texas law and that Texas law controls to the extent that it conflicts with the terms of the agreement. On its face, the partnership agreement does not contemplate the inclusion of illegally practicing medicine in the ordinary course of the partnership's business. That said, the Andrades could show that Renaissance exerted such control over Dr. Lozano's practice as to raise a fact issue whether its ordinary business included the illegal practice of medicine. *See, e.g., Gupta,* 140 S.W.3d at 755–56.

But the Andrades have made no allegation of this type of control, nor does the record support one.[2]

Notwithstanding this lack of evidence, the Andrades argue that professional-services partnerships can be in the business of providing medical care without controlling the individual physician—partners' practices. The Andrades cite the statute making partners agents of a general partnership "for the purposes of its business." TEX. BUS. ORGS. CODE § 152.301. However, this provision arguably does not even apply to limited partnerships because, by their definition, limited partnerships provide limited partners with less control over and less liability for the business entity. See id. § 153.102. Further, even if limited partners are agents of the limited partnership as described in section 152.301, their agency is still limited to the partnership's business. As such, Dr. Lozano would be acting as an agent of Renaissance only if he were engaging in its business, which does not include the provision of medical care.

The Andrades nevertheless insist that Renaissance is in the business of providing medical care, relying on an interrogatory response and deposition testimony from Dr. Lozano that Renaissance offered obstetrical or labor and delivery services. These general statements do not create a fact issue as to whether the partnership's business includes providing medical care. Obstetrical services and labor and delivery services may fall under health care generally, see TEX. CIV. PRAC. & REM. CODE § 74.001(a)(10), without constituting medical care, see id. § 74.001(a)(19). Renaissance, as the operator of a hospital, may be in the business of providing facilities, support staff, and supplies to assist doctors in the provision of medical care, without engaging in the illegal practice of medicine by a business entity. The Andrades would need to show more than that Renaissance was in the business of providing these support services in order to raise any factual question on whether Renaissance was engaged in the illegal practice of medicine. It would not be impossible to raise that fact question, see Wolff, 94 S.W.3d at 539, but the Andrades have not done so.

The Andrades also cite Texas Business Organizations Code sections 152.055 and 152.0551, which authorize partnerships among physicians, or between physicians and physician assistants, "to perform a professional service that falls within the [practitioners'] scope of practice." TEX. BUS. ORGS. CODE §§ 152.055(a), .0551(a). Under section 152.055, each partner must be a physician, and the purpose of the partnership must be to practice medicine within the scope of those physician—partners' practice. Id. § 152.055(a). However, by the statutes' terms, the existence of such a professional partnership does not "allow the practice of medicine by someone not licensed as a physician" or "allow a person not licensed as a physician to direct the activities of a physician in the practice of medicine." Id. § 152.0551(e); see also id. § 152.055(b). Assuming without deciding that this specific type of partnership may be vicariously liable for the medical negligence of its physician—partners, Renaissance is not this type of partnership. It is an ordinary limited partnership, comprised of physician and non-physician partners, with a much broader purpose that includes real-estate acquisition and related business.

---

**2.** Requiring that Dr. Lozano's practice be controlled by Renaissance in order to impose liability on Renaissance does not unilaterally add a *respondeat superior* element to the vicarious liability statute, as the Andrades allege. Analyzing the degree to which Renaissance controlled Dr. Lozano's practice is relevant to determining whether Renaissance was engaged in the illegal practice of medicine by a non-person.

Section 152.055 partnerships are analogous to joint practices organized as professional associations or professional limited liability companies. *See id.* § 301.012. All owners of those entities must be physicians, and those physicians may choose whether to organize as a professional association or professional limited liability company under section 301.012, or as a partnership under section 152.055. *Id.* §§ 301.012(d), 152.055(a). Professional associations may be vicariously liable for the negligence of their employees or agents. *See id.* § 301.010; *Carl J. Battaglia, M.D., P.A. v. Alexander,* 177 S.W.3d 893, 897 (Tex.2005). The Andrades already sued and nonsuited Dr. Lozano's joint practice organization, Zapata. Renaissance is not such an entity, and thus cannot be liable for the medical negligence of a limited partner.

The Andrades' reliance on *Jones v. Foundation Surgery Affiliates of Brazoria County* is similarly unavailing. 403 S.W.3d 306 (Tex.App.–Houston [1st Dist.] 2012, pet. denied). In seemingly the only other case addressing a limited partnership's vicarious liability for the alleged medical malpractice of a physician—limited partner, the First Court of Appeals reversed summary judgment for the partnership, holding that a fact question existed as to whether the surgeon was acting in the ordinary course of business or with the partnership's authorization when performing surgery. *Id.* at 318. In *Jones,* the partnership was founded by a group of surgeons for the purpose of performing outpatient surgery at the partnership-owned surgery center. *Id.* at 308–09. The partnership made the same arguments Renaissance makes here: that it could not be liable for medical malpractice because the ordinary course of its business did not include practicing medicine, only supplying the surgical facilities. *Id.* at

314–15. The court of appeals rejected that argument, finding more than a scintilla of evidence that the partnership was actually in the business of outpatient surgery, primarily relying on how the partnership described its purpose in filings with the Texas Secretary of State. *Id.* at 315. However, the partnership seemed to argue, and the court of appeals accepted, that it was a joint practice partnership under section 152.055. *Id.* at 316. That alone makes *Jones* distinguishable from the present case. To the extent that a joint practice partnership under section 152.055 may be liable for a physician–partner's negligence, the court of appeals in *Jones* could have reasonably found that summary judgment should have been denied. However, because Renaissance is not a section 152.055 partnership, the *Jones* court's analysis is not persuasive here.

**2. Acting with the Authority of the Partnership**

■ In addition to liability for partners' actions within the scope of the partnership's business, a partnership may be liable for the wrongful acts of a partner when the partner acts "with the authority of the partnership." Tex. Bus. Orgs. Code § 152.303(a)(2). The partnership agreement is the source of authority for partners to act on behalf of the partnership. *See id.* § 152.002(a) ("[A] partnership agreement governs the relations of the partners and between the partners and the partnership."). Here, the partnership agreement provides that limited partners may not perform any act on behalf of the partnership unless specifically authorized under the agreement. The partnership agreement does not give the limited partners, some of whom are not physicians, any authority to provide medical care at partnership-owned facilities. In fact, the partnership agreement does not give the limited partners any specific authority to

act on the partnership's behalf at all. Consistent with its organization as a limited partnership instead of a general partnership, the limited partnership agreement expressly authorizes the general partner to act on behalf of the entity, but not the limited partners.

 Further, actions taken with the authority of the partnership would typically follow from actions "in the ordinary course of the business of the partnership." *Cook v. Brundidge, Fountain, Elliott & Churchill*, 533 S.W.2d 751, 759 (Tex.1976) (quoting applicable predecessor to section 152.303). While it may be possible for limited partners to act with the partnership's authority, but not in the ordinary course of the partnership's business, it is likely a rare occurrence. Here, Dr. Lozano's medical care of the Andrades was neither in the ordinary course of Renaissance's business nor conducted with its authority. The record evidence shows that when limited partners who are also doctors practice medicine at the Hospital, they are acting under their separate admitting privileges, not with any authority of the partnership. These doctors have the same authority to practice medicine under their own medical license as other doctors who are not also Renaissance limited partners.[3] As such, Renaissance cannot be liable for Dr. Lozano's alleged negligence in providing medical care at the Hospital.

## C. Vicarious Liability of a Limited Partnership's General Partner

 As Renaissance's general partner, RGV Med "has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners," except as provided by statute or by the partnership agreement. TEX. BUS. ORGS. CODE § 153.152(b); *see Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 56 (Tex.App.–Houston [1st Dist.] 2013, pet. denied) ("Unlike a person doing business with a corporation, a person doing business with a limited partnership always has recourse against any general partner in the same manner as partners are liable for the liabilities of a partnership without limited partners."). Therefore, whether RGV Med is vicariously liable for Dr. Lozano's actions depends exclusively on whether Renaissance is liable. Because we hold that Renaissance cannot be liable for Dr. Lozano's alleged negligence, RGV Med also cannot be liable as Renaissance's general partner.

## IV. Conclusion

The ordinary course of Renaissance's business as the operator of a hospital does not include the practice of medicine. Further, the partnership agreement does not give Dr. Lozano any authority to practice medicine at Renaissance's facilities. That authority is derived from other sources. Therefore, Renaissance cannot be held liable for the alleged medical negligence of Dr. Lozano, a limited partner. As such, Renaissance's general partner, RGV Med, also cannot be held liable for Dr. Lozano's alleged negligence. Because Renaissance and RGV Med were entitled to summary judgment on the Andrades' claims, we reverse the court of appeals' judgment and render judgment for Renaissance and RGV Med.

---

**3.** A hospital is generally not vicariously liable for the acts or omissions of a doctor on the hospital's medical staff. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex.2009). We see no reason to upset that general rule just because the hospital is owned by a limited partnership that includes doctors as investing limited partners.