

# NUMBER 13-22-00136-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SPITZER INDUSTRIES, INC., CURTIS
KELL, INC., AND LUIS GALEANO,                           Appellants,

v.

JESUS MENDOZA CABRERA, AS
REPRESENTATIVE OF THE ESTATE OF
ISIDRO MENDOZA CABRERA, ISIDRO MENDOZA,
ESPERANZA CABRERA, AND WENDY ANDRADE,
AS NEXT FRIEND OF M.A., A MINOR,                        Appellees.

On appeal from the 107th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras

On April 1, 2022, appellants Spitzer Industries, Inc. (Spitzer), Curtis Kelly, Inc.

(Kelly) and Luis Galeano filed a petition for permissive interlocutory appeal seeking to

challenge the trial court's denial of their motion for partial summary judgment in a wrongful death case brought by appellees Jesus Mendoza Cabrera, as representative of the estate of Isidro Mendoza Cabrera, Isidro Mendoza, Esperanza Cabrera, and Wendy Andrade, as next friend of M.A., a minor. Pursuant to our request, appellees filed a response to the motion.

To be entitled to a permissive appeal from an interlocutory order that is not otherwise appealable, the requesting party must establish to the trial court that (1) the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and (2) allowing an immediate appeal "may advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see* TEX. R. CIV. P. 168; TEX. R. APP. P. 28.3. If the trial court grants permission to appeal, as here, we may accept the appeal if the appeal is warranted under the foregoing criteria. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f).

Having reviewed appellants' petition, the record documents attached thereto, and the response, this Court is of the opinion that appellants have not shown their entitlement to permissive interlocutory appeal because fact issues remain on what appellants and the trial court have identified as a controlling question of law. *See Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute."). Accordingly, the petition for permissive interlocutory appeal is DENIED.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
7th day of July, 2022.

2