

# NUMBER 13-22-00374-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RENAISSANCE MEDICAL FOUNDATION,**        **Appellant,**

**v.**

**REBECCA LUGO, INDIVIDUALLY AND AS
NEXT FRIEND OF XXXXX XXXXX, A MINOR,**        **Appellee.**

---

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

On September 7, 2022, appellant Renaissance Medical Foundation (RMF) filed a petition for permissive interlocutory appeal seeking to challenge the trial court's denial of its motion for summary judgment in a personal injury suit brought by appellee Rebecca Lugo, individually and as next friend of her daughter. *See* TEX. R. APP. P. 28.3. We deny

the petition.

To be entitled to a permissive appeal from an interlocutory order that is not otherwise appealable, the requesting party must establish to the trial court that (1) the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and (2) allowing an immediate appeal "may advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see* TEX. R. CIV. P. 168; TEX. R. APP. P. 28.3. If the trial court grants permission to appeal, as here, we may accept the appeal if the appeal is warranted under the foregoing criteria. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f).

Lugo's suit alleged in relevant part that her daughter suffered injury as a result of negligent medical care provided by Michael Burke, M.D., and that RMF is vicariously liable for Burke's conduct. RMF argued that it is entitled to judgment as a matter of law because "RMF cannot control—contractually and statutorily—the manner in which Dr. Burke provides medical care." It noted that Burke was employed by RMF under an agreement specifying that he "retain[s] the right to exercise his independent medical judgment in providing medical services." It further noted that RMF, as a non-profit health organization corporation, is prohibited by statute from practicing medicine or "attempting to control the manner in which a licensed physician practices medicine." *See* TEX. BUS. ORGS. CODE ANN. § 22.056 (governing health organization corporations); TEX. OCC. CODE ANN. § 155.003 (setting forth general eligibility requirements for a license to practice medicine); *Doctors Hosp. at Renaissance, Ltd. v. Andrade*, 493 S.W.3d 545, 548 (Tex. 2016) (noting that "[o]nly a person, not a partnership, may be licensed to practice medicine"). RMF argued that "[f]or purposes of providing medical care," Burke was an

2

independent contractor of RMF, and therefore, RMF cannot be vicariously liable for his negligence. *See Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947–48 (Tex. 1998) ("Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment . . . . Because an independent contractor has sole control over the means and methods of the work to be accomplished, however, the individual or entity that hires the independent contractor is generally not vicariously liable for the tort or negligence of that person.").

In her response to the summary judgment motion, Lugo noted that the agreement between RMF and Burke explicitly stated that Burke was RMF's employee, not an independent contractor. Lugo also observed that, unlike a partnership, a "nonprofit health corporation" is considered a "physician" for purposes of the Texas Medical Liability Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(23)(D); *cf. Andrade*, 493 S.W.3d at 548 (concluding that a doctor practicing medicine was not acting within the "ordinary course" of the partnership's business or with the partnership's authority).

In its order denying RMF's summary judgment motion, the trial court concluded:

> Texas law does not preclude a Texas Nonprofit Corporation (defendant [RMF]) that is organized and intended to provide healthcare services to the public from being vicariously liable for the negligent performance of healthcare services on behalf of the Corporation. A nonprofit corporation is vicariously liable for negligent medical care performed by a licensed physician on behalf of the Corporation, when, as in this case, the Nonprofit Corporation has entered into a Physician Employment Agreement ("Agreement") with the physician that specifically obligates the physician to perform medical services to patients of the Corporation on behalf of the Corporation and that refers to the physician as an employee, even though the Agreement between the Corporation and Dr. Burke provides that he shall retain the right to exercise Physician's independent medical judgment in providing medical services to patients. The Agreement in this case provides that [RMF] had the right to exercise the requisite degree of control

over the physician alleged to have committed medical malpractice sufficient to trigger vicarious liability. The suggestion that it would violate Texas law—including Texas Business Organizations Code § 22.056 and Texas Occupations Code §§ 155.003 and 164.052(a)—for [RMF] to assert control over the alleged negligent acts is not dispositive.

The court granted permission for RMF to file an interlocutory appeal of the order, identifying the following "controlling question of law": "Whether a Texas Nonprofit Corporation can be vicariously liable for the medical negligence of a physician employed by that Corporation for the purpose of providing medical services to patients."

Having reviewed appellants' petition, the record documents attached thereto, and the response, this Court is of the opinion that appellant has not shown its entitlement to permissive interlocutory appeal because fact issues remain on what the trial court identified as a controlling question of law. *See Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute."). Accordingly, the petition for permissive interlocutory appeal is DENIED.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
22nd day of September, 2022.

4