

# NUMBER 13-23-00078-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS WINDSTORM INSURANCE
ASSOCIATION,                                                              Appellant,

v.

VALSTAY, LLC,                                                              Appellee.

## ON APPEAL FROM THE 28TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Justices Longoria, Tijerina, and Peña
### Memorandum Opinion by Justice Longoria

Appellant Texas Windstorm Insurance Association (TWIA) appeals from the trial

court's granting of partial summary judgment in favor of appellant Valstay, LLC.[1] By three

---

[1] On February 24, 2023, TWIA filed its petition for permission to file an interlocutory appeal. On March 23, 2023, this Court granted the petition, allowing TWIA's permissive appeal.

issues, TWIA argues that the trial court erred in granting partial summary judgment. First, TWIA contends Valstay has the burden of proof to establish that its insurance claim was filed within one year of the damage occurring. Alternatively, TWIA states that if TWIA had the burden to prove that Valstay's claim was not filed within one year of the damage occurring, TWIA provided enough evidence to create a fact issue on when the damage occurred. Last, TWIA argues that there was lack of judicial authority to enter the order. Because we conclude that the burden of proof is on the defendant, TWIA, we affirm.

## I.     PROCEDURAL HISTORY

In a previous appeal, this Court addressed the facts and background related to the underlying lawsuit. *See Valstay, LLC v. Tex. Windstorm Ins. Ass'n*, No. 13-19-00379-CV, 2021 WL 2371759, at *1 (Tex. App.—Corpus Christi–Edinburg June 10, 2021, pet. denied)*.* Essentially, Valstay claimed that its hotel sustained windstorm and hail damage covered by its policy with TWIA. Valstay sued TWIA claiming that it failed to pay policy benefits for a covered loss "by failing to 'timely investigat[e], adjust[ ] and pay[ ]' Valstay's claim." *See id.* (citing TEX. INS. CODE ANN. § 2210.576(a)). Valstay also alleged that TWIA violated the insurance code when it denied Valstay's claim without conducting a reasonable investigation after liability had become reasonably clear. *See id.* (citing TEX. INS. CODE ANN. § 2210.576(d).) TWIA filed an answer, and the case proceeded to a jury trial.

At trial, the jury answered no to both parts of the first question in the jury charge, which asked:

**Question No. 1.**

Did Texas Windstorm Insurance Association fail to comply with the agreement entitled T.W.I.A. Commercial Policy?

> The Texas Windstorm Insurance Association Dwelling Windstorm and Hail Policy covers direct physical loss to the covered property caused by windstorm or hail during the policy period.
>
> Texas Windstorm Insurance Association failed to comply with the agreement if it failed to pay for all windstorm damage, if any, that resulted from the alleged event occurring on May 24, 2015, that it either (1) knew about, or (2) should have known about after a reasonable investigation.
>
> Texas Windstorm Insurance Association failed to comply with the agreement if it failed to pay for all hail damage, if any, that resulted from the alleged event occurring on April 13, 2015, that it either (1) knew about, or (2) should have known about after a reasonable investigation.

Answer "Yes" or "No" for each of the following:

A. Windstorm

   Answer: _____

B. Hail

   Answer: _____

*See id.* at *2. A take-nothing judgment was entered in accordance with the jury's verdict. *See id.* Valstay appealed, arguing, among other things, that the jury was improperly limited to consideration of two specific dates. *See id.* On appeal, this Court reversed and remanded, holding that "[t]he plaintiff need not prove the precise date of injury, only that it occurred within the policy period. If the plaintiff establishes these elements, then '[t]o

avoid liability, the insurer then has the burden to plead and prove that the loss falls within an exclusion to the policy's coverage.'" *Id.* at *5 (citations omitted).

After this Court remanded the case for a new trial, Valstay filed its traditional and no evidence motion for summary judgment. In its motion, Valstay asserted that this Court's memorandum opinion remanding for a new trial determined that the burden of proof to establish that the claim was filed within one year of damage being sustained was on TWIA. As such, Valstay sought summary judgment "on the liability portion of its claim for breach of contract/improper denial, and for no evidence motion for summary judgment on TWIA's affirmative defenses, including that of late reporting."

TWIA responded that proving the damages occurred within one year of the date of filing is a burden carried by Valstay. TWIA disagreed with Valstay's assertion that this Court previously determined the burden was TWIA's, stating "Unfortunately, the Court of Appeals did not address that issue." TWIA asserted, as it does on appeal, that even if it were TWIA's burden, "fact issues exist as to when the loss occurred precluding summary judgment."

The trial court entered an order granting Valstay's motion for partial summary judgment. The trial court stated:

> The Court finds that: (1) the parties stipulated [TWIA] issued consecutive policies of insurance to [Valstay] insuring [Valstay's] hotel property from windstorm and hail damage from August 31, 2012, to October 1, 2015, subject to the same policy terms and conditions; (2) [Valstay's] property sustained hail and/or windstorm damage at some point between August 31, 2012 and October 1, 2015; (3) [Valstay] filed a claim for hail or windstorm damage on July 8, 2015; (4) [TWIA] denied coverage of [Valstay's] claim;

4

(5) [TWIA] contends that [Valstay's] claim is not covered because [Valstay] failed to file its claim within one year after the hail and/or windstorm damage occurred; (6) [Valstay] moved for summary judgment on all of [TWIA's] defenses arguing, inter alia, that [TWIA] has no evidence to show that all of the hail and/or windstorm damage occurred more than one year before [Valstay] filed its insurance claim; (7) [TWIA] has the burden of proof to show that the hail and/or windstorm damage occurred outside the one-year time period; and (8) [TWIA] has failed to come forward with evidence showing that the alleged hail and windstorm damage occurred more than one year before [Valstay] filed its claim.

The trial court's order further granted TWIA permission to appeal to answer:

[t]he question of which party, as between the insured or the insurer, has the burden of proof to show when the hail or windstorm damage occurred for purposes of applying the one-year deadline set forth in Tex[as] Ins[urance] Code § 2210.573(a) and in the policy is a controlling question of law, the resolution of which may materially advance the ultimate termination of this case.

This permissive interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f).

## II.    BURDEN OF PROOF

The question before this Court is which party, the insured or the insurer, carries the burden of proof to show that the complained of damage occurred within one year of the claim being filed pursuant to § 2210.573(a) of the Texas Insurance Code: That provision states: "Subject to [§] 2210.205(b), an insured must file a claim under an association policy not later than the first anniversary of the date on which the damage to property that is the basis of the claim occurs." TEX. INS. CODE ANN. § 2210.573(a). TWIA argues that the one-year deadline is a prerequisite to suit, making it Valstay's burden to prove it filed a timely claim. In response, Valstay argues that the one-year deadline is an

5

affirmative defense held by TWIA, which TWIA carries the burden to prove. We agree with Valstay.

While § 2210.205(b) requires that an insured files its claim within one year of the damage being sustained, it does not specify that the insured must do anything to prove that they have complied with this obligation beyond filing their claim. Valstay asserts that the damage occurred within one year of it filing its claim. However, TWIA seeks to deny the claim on the basis that Valstay's damage occurred more than one year before filing, and as such we construe this argument as an affirmative defense. Limitations is an affirmative defense for which the burden of proof is on the defendant, here TWIA. *See Prestige Ford Garland Ltd. P'ship v. Morales*, 336 S.W.3d 833, 836 (Tex. App.—Dallas 2011, no pet.). To answer the controlling question of law presented by the trial court, we find that the burden is on TWIA to put forth evidence that Valstay's claim was made more than one year after damage was sustained.[2,3]

---

[2] TWIA argues in the alternative that, if we should find TWIA has the burden of proof, that TWIA met its burden and summary judgment should have been denied. We do not reach this issue, because we are limited in a permissive appeal to the controlling issue of law. Fact issues are not within the scope of a permissive appeal. *See Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute. Instead, permissive appeals should be reserved for determination of controlling legal issues necessary to the resolution of the case."). Accordingly, we will not address the trial court's finding that TWIA did not satisfy its burden of proof as it related to Valstay's one-year deadline to file.

[3] TWIA also presented an argument related to lack of judicial authority to enter the order based on an earlier opinion out of this Court. *See Pruski v. Tex. Windstorm Ins. Ass'n*, 667 S.W.3d 460, 467 (Tex. App.—Corpus Christi–Edinburg 2023), rev'd and remanded, 689 S.W.3d 887 (Tex. 2024). At the time of TWIA's argument in this matter, the *Pruski* case had not yet been reversed. Since that time, the matter has been reversed, thus negating TWIA's present argument. TWIA's issue, as it relates to judicial authority, is overruled.

### III. CONCLUSION

Without expressing any opinion on the merits of the summary judgment motion, we affirm the trial court's granting of the summary judgment motion on the issue of which party bore the burden of proof to establish compliance with § 2210.205(b) of the Texas Insurance Code.

NORA L. LONGORIA
Justice

Delivered and filed on the
5th day of December, 2024.